**Hammond v. Universal Underwriters Insurance Co.**

*Arnold M. Kessler*, for plaintiff.

*Joseph V. Pinto*, for defendant.

LEVIN, J., May 26, 1970.—This case is before us on the pleadings and an agreed stipulation of facts for us to determine whether there was an effective waiver of uninsured motorist coverage by plaintiff in regard to the policy of insurance issued to him by the defendant.

In June 1964, defendant issued a policy of insurance covering plaintiff, Lawrence B. Hammond, under various circumstances arising from the use of his motorcycle. Shortly after the issuance of the policy, Lawrence executed a document entitled "Rejection of Uninsured Motorists (Family Protection) Coverage." Defendant would not have issued the policy unless there was such a waiver, although the form states "I understand that such insurance could be included in my policy for an annual premium of $————." (Blank left in original form).

The law as it then existed, Act of August 14, 1963, P. L. 909, sec. 1, 40 PS §2000, which law has since been amended, provided that such insurance must include uninsured motorist coverage, ". . . provided, however, that the named insured shall have the right to reject such coverage in writing: . . ."

Plaintiff contends that the law must be interpreted to mean that uninsured motorist coverage must be included unless there is a valid rejection and, there-

fore, the insurance company must offer the coverage in order to give the insured the right to reject such coverage. With this contention, we agree.

The clear intent of the legislature is to give every insured the opportunity to obtain uninsured motorist coverage. True, the insuror may charge such a premium that the insured will elect to reject such coverage, but in this case *no premium* could have been paid. The policy would not have been issued with such coverage. In this regard, we believe the printed form used by the insurance company to be of some importance. The form discloses the recognition by the insurance company that a rejection would only be valid if the insurance could have been included, albeit for an additional premium, however large. But, we repeat, in this case no such premium was indicated. On the contrary, it is admitted that defendant would not issue the policy unless the waiver was signed. The coverage not having been offered, it could not have been rejected, and in order to comply with the law as it was at the time of the making of this contract, we conclude that we must treat this contract as if it, in fact, contained uninsured motorist coverage to the limits set forth in the financial responsibility laws of the Commonwealth of Pennsylvania.